UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FAITH PREPARATORY SCHOOL,
INC.,

    Plaintiff,

v.                                     Case No.:  2:24-cv-1119-JLB-KCD

WESTCHESTER SURPLUS
LINES INSURANCE COMPANY,

    Defendant.
_____/

## ORDER

Before the Court is Plaintiff Faith Preparatory School, Inc.'s Motion to Compel Appraisal and to Stay Pending Completion of Appraisal. (Doc. 17.)[1] Defendant Westchester Surplus Lines Insurance Company has responded in opposition. (Doc. 18.)[2] For the reasons below, the motion is granted.

## I. Background

This breach-of-contract case stems from Hurricane Ian, which made landfall in September 2022. Within a few months of the storm, Plaintiff submitted an insurance claim to Westchester, a repair estimate was done (Doc.

---

[1] Unless otherwise indicated, all internal quotation marks, citations, history, and alterations have been omitted in this and later citations.

[2] Westchester's opposition is not paginated, so the Court uses the page numbers generated by its electronic filings system.

18-1 at 3-24), and Westchester issued partial payment. Plaintiff's claim then lingered for another year while Westchester "continu[ed] [its] review of the submitted estimates and/or documentation." (Doc. 18-1 at 1.)

The parties worked on a resolution through early 2024. (Doc. 18-2 at 1-2.) But by August, Plaintiff had enough and filed a notice of intent to initiate litigation ("NOI"), which included a pre-suit settlement demand and attached invoices. (Doc. 18-3.) Another NOI followed in October, again including a settlement demand and invoices. (Doc. 18-4.)

Because the parties could not agree on the scope of damage, Plaintiff sued in state court. (Doc. 4.) Westchester was served with the complaint in November 2024 and removed the case here. Along with the complaint, Plaintiff attached generic discovery requests. (Doc. 1-3.) Once in federal court, discovery was stayed under the Hurricane Ian Scheduling Order. (Doc. 8.) Then, on December 19, 2024, Plaintiff sent Westchester a written demand for appraisal. (Doc. 18-5.) Westchester rejected appraisal, and the pending motion to compel came days later.

## II. Discussion

Appraisal is a form of alternative dispute resolution that sets a disputed loss amount. *See State Farm Fla. Ins. Co. v. Crispin*, 290 So. 3d 150, 151 (Fla. Dist. Ct. App. 2020). When an insurance policy contains an appraisal provision, like here, "the right to appraisal is not permissive but is instead mandatory, so

2

once a demand for appraisal is made, neither party has the right to deny that demand." *McGowan v. First Acceptance Ins. Co., Inc.*, 411 F. Supp. 3d 1293, 1296 (M.D. Fla. 2019). Appraisal is strongly preferred. *See Breakwater Commons Ass'n, Inc. v. Empire Indem. Ins. Co.*, No. 2:20-CV-31-JLB-NPM, 2021 WL 1214888, at *2 (M.D. Fla. Mar. 31, 2021). And like other stipulations about dispute resolution, this Court enforces contractual appraisal provisions by non-dispositive order. *See Positano Place at Naples II Condo. Ass'n, Inc. v. Empire Indem. Ins. Co.*, No. 2:21-cv-181-SPC-MRM, 2022 WL 714809, *2 (M.D. Fla. Mar. 10, 2022).

Westchester has said that damages caused by Hurricane Ian are covered, but it disagrees on the amount of loss. Because there is no dispute that at least some loss to the property is covered under the policy, the remaining dispute about the scope of the damage is appropriate for appraisal. *See Clockwork PH3, LLC v. Clear Blue Specialty Ins. Co.*, No. 2:23-CV-407-SPC-KCD, 2023 WL 6247595, at *6 (M.D. Fla. Sept. 26, 2023). Still, Westchester argues that appraisal should be denied because it remains unripe. Alternatively, if appraisal is allowed, Westchester seeks dismissal because the complaint would fail to state a claim. (Doc. 18.) The Court addresses each issue in turn.

**A. Waiver**

In Florida, a "party can [forfeit] its right to appraisal by actively participating in a lawsuit or engaging in conduct inconsistent with the right to

3

appraisal." *Waterford Condo. Ass'n of Collier Cnty., Inc. v. Empire Indem. Ins. Co.*, No. 2:19-CV-81-FTM-38NPM, 2019 WL 3852731, at *3 (M.D. Fla. Aug. 16, 2019). But "the question of [forfeiting an] appraisal is not solely about the length of time the case is pending or the number of filings the appraisal-seeking party made. Instead, the primary focus is whether the [movant] acted inconsistently with their appraisal rights." *Fla. Ins. Guar. Ass'n v. Branco*, 148 So. 3d 488, 493 (Fla. Dist. Ct. App. 2014).

According to Westchester, Plaintiff waived its right to appraisal by not seeking appraisal pre-suit when it was on notice that a dispute over the amount of loss existed. (Doc. 18 at 5.)

The Court is not persuaded. Westchester cites no policy provision that sets a deadline for invoking appraisal. And in the absence of such a term, Plaintiff was not required to seek appraisal before filing suit. "[A]n appraisal clause may be invoked for the first time after litigation has commenced." *Fla. Ins. Guar. Ass'n, Inc. v. Castilla*, 18 So. 3d 703, 705 (Fla. Dist. Ct. App. 2009); *see also Am. Cap. Assur. Corp. v. Courtney Meadows Apartment, L.L.P.*, 36 So. 3d 704, 707 (Fla. Dist. Ct. App. 2010) (finding appraisal demand timely since the policy did not contain any language to invoke appraisal within set time from receiving or waiving sworn proof of loss). Put simply, an insured does not act inconstant with its appraisal rights by waiting until suit is filed to demand

4

appraisal. *Gonzalez v. State Farm Fire & Cas. Co.*, 805 So. 2d 814, 817 (Fla. Dist. Ct. App. 2000).

As mentioned, waiver occurs "when the party seeking appraisal actively participates in a lawsuit or engages in conduct inconsistent with the right to appraisal." *Fla. Ins. Guar. v. Rodriguez*, 153 So. 3d 301, 303 (Fla. Dist. Ct. App. 2014). There was essentially a two-month delay from filing suit to demanding appraisal here. During that time, Plaintiff did not actively litigate this case. Indeed, the Court stayed all discovery in the Hurricane Ian Scheduling Order. The only discovery requests were served with the complaint, and there is no evidence that Westchester ever responded to them. In other words, the discovery machine had not yet started. These facts do not trigger waiver. *Compare McPhillips v. Scottsdale Ins. Co.*, No. 2:18-CV-421-FTM-99CM, 2018 WL 3805865, at *2 (M.D. Fla. Aug. 10, 2018) (insured moved to compel appraisal one week after case was removed to federal court and about two months after case was first filed); *with Shoma Dev. Corp. v. Rodriguez*, 730 So. 2d 838 (Fla. Dist. Ct. App. 1999) (finding waiver where parties had engaged in litigation and discovery for seven months before invoking the arbitration clause), *Versailles Sur La Mer Condo. Ass'n, Inc.*, No. 6:18-cv-1125-Orl-37TBS, 2018 WL 3827154, at *4-5 (M.D. Fla. July 24, 2018) (finding insured waived right to appraisal where case was litigated in state court and federal court for

nearly five months before the first written demand for appraisal issued, and the demand for appraisal came after an extensive document production).

At bottom, there is an "overwhelming preference in Florida for the resolution of conflicts through any extra-judicial means . . . for which the parties have themselves contracted." *McGowan*, 411 F. Supp. 3d at 1296. Given this preference, and with no facts showing waiver, this argument is rejected.

### B. Ripeness

Westchester next argues that ordering appraisal will render Plaintiff's claim unripe, and thus the complaint should be dismissed. In support, Westchester cites the policy's Loss Payment provision:

> Provided you have complied with all the terms of this Coverage Part, we will pay for covered loss or damage upon the earliest of the following:
>
> **(2)** Within 30 days after we receive the sworn proof of loss and:
>
> **(a)** There is an entry of a final judgment; or
>
> **(b)** There is a filing of an appraisal award with us …

(Doc. 1-5 at 75.) Because the obligation to pay does not trigger until 30 days after an appraisal award, which has not happened, Westchester concludes that Plaintiff cannot "presently state a claim [for breach of contract] upon which relief can be granted." (Doc. 18 at 9.)

The Court declines to address this argument that goes to the merits of the case (not appraisal) and is before the Court in another motion. (Doc. 19.) Westchester does not deny that the policy allows Plaintiff to demand appraisal.

6

And without waiver, there is no barrier to appraisal moving forward. *See Breakwater Commons Ass'n,* 2021 WL 1214888, at *2 ("When an insurance policy contains an appraisal provision, the right to appraisal is not permissive but is instead mandatory[.]"). So regardless of what may happen to the underlying breach-of-contract claim, the parties should proceed to appraisal.

### C. Post-Loss Conditions

Plaintiff requests a stay while appraisal proceeds. (Doc. 17 at 6.) Westchester responds that staying the case, rather than dismissal, would "impair [its] well-established rights under the Policy and Florida law." (Doc. 18 at 13.) Specifically, "allow[ing] this suit to continue would sanction" Plaintiff's non-compliance with the policy's post-loss conditions. (*Id.*)

To be sure, "all post-loss conditions must be satisfied before a trial court can exercise its discretion to compel appraisal." *Gulfside, Inc. v. Lexington Ins. Co.*, No. 2:22-CV-47-SPC-NPM, 2023 WL 2743148, at *2 (M.D. Fla. Mar. 31, 2023). Until post-loss "conditions are met and the insurer has a reasonable opportunity to investigate and adjust the claim, there is no 'disagreement' (for purposes of the appraisal provision in the policy) regarding the value of the property or the amount of loss." *State Farm Fla. Ins. Co. v. Cardelles*, 159 So. 3d 239, 241 (Fla. Dist. Ct. App. 2015). But Westchester's entire argument appears to be based on hypotheticals and offers no specifics as to how Plaintiff failed to comply with any post-loss conditions. With no allegation (let alone

7

evidence) that Plaintiff breached the policy by refusing to participate in the post-loss conditions, there is no basis to stop the appraisal process, let alone dismiss the case.

A district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). The party seeking the stay must show good cause and reasonableness. *See Belloso v. Asplundh Tree Expert Co.*, No. 6:18-cv-460-Orl-40TBS, 2018 WL 4407088, at *2 (M.D. Fla. Sept. 17, 2018). In deciding whether a stay is suitable, courts examine several factors including "(1) whether a stay will simplify the issues and streamline the trial; (2) whether a stay will reduce the burden of litigation on the parties and the court; and (3) whether the stay will unduly prejudice the non-moving party." *Shire Dev. LLC v. Mylan Pharms. Inc.*, No. 8:12-CV-1190-T-36AEP, 2014 WL 12621213, at *1 (M.D. Fla. July 25, 2014).

The Court finds that a stay is appropriate because, among other things, appraisal might resolve the parties' dispute and thus conserve scarce judicial resources. *See Positano Place*, 2022 WL 714809, at *3; *Waterford Condo. Ass'n*, 2019 WL 3852731, at *3.

**D. Discovery During Appraisal**

Finally, Westchester argues that it should be permitted to take discovery relevant to the amount of loss and asks the Court to "deny the

8

Plaintiff's request to stay discovery." (Doc. 18 at 13-14.) Westchester intends to serve interrogatories, requests for production, and set a Rule 30(b)(6) deposition. (*Id.* at 14.)

The Court's experience in other cases has revealed that parties and appraisers sometimes find that formal discovery tools can facilitate the appraisal process. Thus, the parties may conduct the following discovery that must be completed within 120 days:

- Interrogatories: Each party may serve one set of no more than ten interrogatories under Federal Rule 33.

- Requests for Production: Each party may serve one set of no more than ten requests for production under Federal Rule 34.

- Depositions: One Rule 30(b)(6) deposition.

Accordingly, it is **ORDERED**:

1. Plaintiff's Motion for Appraisal and to Stay Pending Completion of Appraisal (Doc. 17) is **GRANTED**.

2. This case is **STAYED** pending appraisal except to the extent that certain discovery outlined in this Order may take place. The Clerk is directed to add a stay flag to the case.

3. The parties are **DIRECTED** to file a joint report on the status of appraisal by **April 17, 2025**, and every ninety days after that until appraisal has ended.

4. Within 15 days of a signed appraisal award, the parties are **DIRECTED** to jointly notify the Court of (a) what issues, if any, remain for the Court to resolve; (b) whether the stay needs to be lifted; and (c) how this action should proceed, if at all.

**ORDERED** in Fort Myers, Florida on January 20, 2025.

Kyle C. Dudek
United States Magistrate Judge

Copies:  All Parties of Record