UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FAITH PREPARATORY SCHOOL,
INC.,

          Plaintiff,

    v.

WESTCHESTER SURPLUS LINES
INSURANCE COMPANY,

          Defendant,

_____/

Case No. 2:24-cv-1119-JLB-KCD

## ORDER

Before the Court is Defendant Westchester Surplus Lines Insurance Company's Motion to Compel Better Answers to Interrogatories 2, 3, and 4. (Doc. 21.)[1]  Plaintiff Faith Preparatory School, Inc. responded in opposition (Doc. 23), making this matter ripe.

This Hurricane Ian insurance breach of contract case was sent to appraisal and stayed back in January, but the Court allowed the parties to conduct certain discovery. (Doc. 20.) Now before the Court is a discovery dispute concerning three interrogatories.

Starting with Interrogatory 2, which asks:

> With respect to the amount of money You are claiming under the Policy, state the full amount of money You are claiming for each Building and describe the manner in which the amount was calculated.

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

> Your description should include each element of damages or component of recovery that You seek, the amount sought for each element or component, the manner in which each component of the calculation was determined, and should identify the source of each number used in the calculation.

(Doc. 21 at 5.) In response, Faith Prep provided a line-item estimate from WrightWay/Reynolds. The estimate contains a room-by-room and building-by-building breakdown identifying each damaged area. (Doc. 23-1.) Faith Prep argues that this type of production is permitted under Federal Rule 33(d), which allows a party to answer interrogatories by referring to business records when "the burden of deriving or ascertaining the answer will be substantially the same for either party." *Id.*

When Rule 33(d) is used to respond to an interrogatory, the party seeking discovery must make a prima facie showing that "the use of Rule 33(d) is somehow inadequate to the task of answering the discovery, whether because the information is not fully contained in the documents, is too difficult to extract, or other such reasons." *Int'l Aerospace Grp. Corp. v. Evans Meridians Ltd.*, No. 16-24997-CIV, 2017 WL 1927957, at *3 (S.D. Fla. May 10, 2017). Once the moving party has met this burden, the responding party must justify its use of Rule 33(d). *Id.*

"The producing party must satisfy a number of factors in order to meet its justification burden. First, it must show that a review of the documents will actually reveal answers to the interrogatories." *U.S. S.E.C. v.*

2

*Elfindepan, S.A.*, 206 F.R.D. 574, 576 (M.D.N.C. 2002). Second, the producing party is required to specify for each interrogatory "the actual documents where [the] information will be found." *Id.*; *see also Int'l Aerospace Grp. Corp.*, 2017 WL 1927957, at *4. Finally, in order "for Rule 33(d) to apply, the burden of ascertaining the answer from the documents at issue must be substantially the same for either party. When one party is substantially more familiar with the documents at issue than the other, the burden will generally not be the same." *Jones Creek Invs., LLC v. Columbia Cty.*, No. CV 111-174, 2012 WL 12898402, at *5 n.9 (S.D. Ga. Nov. 8, 2012); *see also Reliance Ins. Co. v. Core Carriers, Inc.*, No. 3:06-cv-585-J-20MCR, 2008 WL 2414041, at *3 (M.D. Fla. June 11, 2008). "Reliance on Rule 33(d) is appropriate when the interrogatory requests objective facts that are obvious from the specified documents, but is generally inappropriate when the interrogatory asks a party to state its contentions or to state facts supporting its allegations." *Morock v. Chautauqua Airlines, Inc.*, No. 8:07-cv-210-T-17-MAP, 2007 WL 4247767, at *2 (M.D. Fla. Dec. 3, 2007).

Faith Prep argues that requiring it to allocate and calculate damage amounts from the WrightWay/Reynolds estimate would impose the kind of duplicative burden that Rule 33(d) aims to prevent. (Doc. 23 at 4.) The Court agrees. To comply with Rule 33(d), Faith Prep must only provide Westchester with sufficient detail to locate and identify the responsive information as

readily as Faith Prep could. In its response, Faith Prep does just that—it states that the amounts claimed are based on objective facts of repair and mitigation costs as set forth in the WrightWay/Reynolds estimate. The burden appears the same for both parties to generate the calculations from the document. Thus, the motion to compel for Interrogatory 2 is denied.

Faith Prep again relies on the WrightWay/Reynolds estimate in response to Interrogatory 3:

> Describe all damage to the Properties resulting from Hurricane Ian. Your answer should include sufficient detail for Westchester to understand the specific damage claimed, thus, your answer should include a description of the specific damage to the property that you are claiming, including a description of every item that was physically damaged, the precise location of the damage, how and when it was damaged, and the extent of such damage (approximate size of each damage area), and the date the damage was first noticed. Please do not refer to a repair estimate.

(Doc. 21 at 5-9.) For the same reasons, the Court finds Faith Prep's answer sufficient. The estimate contains detailed entries for each classroom and building area, noting specific damages like "drywall - hung, taped, floated," "texture drywall - machine - knockdown," and "paint the walls and ceiling" with measurements for each area. These entries denote the water intrusion damage and necessary repairs in each specific location, satisfying Faith Prep's obligation in responding to this interrogatory. Thus, the motion to compel for Interrogatory 3 is denied.

Lastly, Westchester seeks Court intervention on a contention interrogatory concerning coverage:

> **INTERROGATORY NO. 4**: Identify all provisions of the Policy under which You seek coverage. For each provision You identify, please state all facts and identify all witnesses that support Your contention that You are entitled to coverage.

(Doc. 21 at 10.) Faith Prep responded by listing several policy provisions and a catchall: "Plaintiff further seeks coverage under any other provisions, endorsements, or sections of the policy that may provide coverage for damage caused by Hurricane Ian." (*Id.*)

The Court grants the motion to compel as to the catchall provision. Faith Prep must identify the policy provisions at issue. It cannot hide behind the boilerplate language, which essentially amounts to identifying the whole policy. Westchester is entitled to know what parts of the policy are in dispute.

But the Court will order nothing further. Rule 33 states that an interrogatory "is not merely objectionable because it asks for an opinion or contention that relates to fact or the application of law to fact." Fed. R. Civ. P. 33(a)(2). Still, contention interrogatories are generally disfavored as explained in The Middle District Discovery Handbook:

> Interrogatories that generally require the responding party to state the basis of particular claims, defenses, or contentions in pleadings or other documents should be used sparingly and, if used, should be designed (1) to target claims, defenses, or contentions that the propounding attorney reasonably suspects may be the proper subject of early dismissal or resolution or (2) to identify and narrow the scope of unclear claims, defenses, and contentions. Interrogatories that purport

to require a detailed narrative of the opposing parties' case are generally improper because they are overbroad and oppressive.

Middle District Discovery (2021) at 23.

Westchester's request for "all facts" and "all witnesses" that support Faith Prep's claims, without differentiation, falls into the overbroad and oppressive category. If it wants, Westchester can follow up with more specific, pointed questions on the coverage issue for specific buildings or damages. But its current interrogatory is an impermissible shotgun blast. *See, e.g.*, *Koster v. Landmark Am. Ins. Co.*, No. 5:14-CV-689-OC-37PRL, 2016 WL 3014605, at *4 (M.D. Fla. May 20, 2016).

For these reasons, Defendant's Motion to Compel (Doc. 21) is **GRANTED**[2] **IN PART AND DENIED IN PART** as set forth above.

**ORDERED** in Fort Myers, Florida on April 22, 2025.

Kyle C. Dudek
United States Magistrate Judge

---

[2] If a motion to compel "is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must . . . require the party or deponent whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5). Westchester does not ask for expenses. Nor has Westchester provided any documentation to issue such an award. Accordingly, the Court cannot order expenses at this time. *See, e.g.*, *CMR Constr. & Roofing, LLC v. ASI Preferred Ins. Corp.*, No. 2:19-CV-442-FTM-29MRM, 2020 WL 9172016, at *3 (M.D. Fla. May 1, 2020).