UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FAITH PREPARATORY SCHOOL, INC.,

    Plaintiff,

v.

    Case No. 2:24-cv-1119-KCD-DNF

WESTCHESTER SURPLUS LINES INSURANCE COMPANY,

    Defendant.
_____/

# ORDER

This Hurricane Ian breach of contract case was sent to appraisal and stayed in January, but the Court allowed the parties to conduct limited discovery. (Doc. 20.)[1] Based on the evidence exchanged, Defendant Westchester Surplus Lines Insurance Company moves for reconsideration of the Court's appraisal order. (Doc. 22.) Plaintiff Faith Preparatory School, Inc. opposes the motion. (Doc. 24.)

The repairs to Faith Prep's school were completed by WrightWay Emergency Services. WrightWay is still owed money for its work. During discovery, Westchester obtained an email where WrightWay agreed to accept the amount determined through this case to satisfy the debt:

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

> Pleasure speaking just now. As discussed, we are going to go ahead and pursue appraisal on this matter if the Court allows it. As discussed, you are amenable to accepting as payment from Faith Prep whatever funds they receive as a result of litigation after the payment of fees/costs. Wrightway will accept Faith Prep's net payment as a result of the appraisal process to satisfy any outstanding invoices based on the Hurricane Ian work.

(Doc. 22-1 at 2.)

Westchester now argues that the email is newly discovered evidence. And because Faith Prep assigned its right to damages to WrightWay, it cannot obtain those damages here, including through appraisal. (Doc. 33 at 8-9.) Faith Prep responds that the email does not qualify as "newly discovered" evidence because it was available before the Court ordered appraisal, but Westchester failed to ask for it.

District courts have inherent authority to reconsider nonfinal orders. *See Hornady v. Outokumpu Stainless USA, LLC*, 118 F.4th 1367, 1379-81 (11th Cir. 2024). But this discretion should be exercised only in extraordinary circumstances. "For reasons of policy, courts and litigants cannot be repeatedly called upon to backtrack through the paths of litigation which are often laced with close questions. There is a badge of dependability necessary to advance the case to the next stage." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1370 (S.D. Fla. 2002).

Reconsideration is proper where: (1) there is an intervening change in controlling law, (2) new evidence has become available, or (3) relief from the

order is necessary to correct clear error or prevent manifest injustice. *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994). "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Burger King Corp.*, 181 F. Supp. 2d at 1369.

The Court finds reconsideration appropriate here. Although Faith Prep claims that Westchester waived its right to seek reconsideration because it did not pursue discovery sooner, this argument falls flat. Westchester moved to compel appraisal shortly after the case was removed. And since this is a hurricane case, the Court's special scheduling order stayed all discovery except for certain automatic disclosures that were not due until *after* appraisal was ordered. (*See* Doc. 8 at 2 ("Except as stated in this order, all disclosure obligations, and discovery are **STAYED**.")) Westchester requested discovery at the appropriate time—after the Court granted leave to do so in its appraisal order. (Doc. 20 at 8-9.)

As for the merits of the motion—*i.e.*, whether appraisal is appropriate considering the new evidence—the Court needs further briefing. In particular, the parties must provide the full agreement between Faith Prep and WrightWay and explain its significance for appraisal. Of note, an email in the record suggests that Plaintiff and WrightWay exchanged a DocuSign contract, but that document has not been provided. (*See* Doc. 22-2 at 1.) The language of

3

the agreement could inform the Court's analysis on whether appraisal is appropriate. And there is otherwise no factual substantiation for Westchester's assertion that the agreement (whatever it is) constitutes an "assignment."

Accordingly, it is **ORDERED**:

1. Defendant's Motion for Reconsideration (Doc. 22) is **GRANTED IN PART** to the extent that the Court will reconsider its Order granting appraisal (Doc. 20) in light of the new evidence presented in Defendant's motion. The rest of Westchester's motion is **TAKEN UNDER ADVISEMENT** pending supplemental briefing as discussed in this Order.

2. The parties' supplemental briefs are due **by September 30, 2025**.

**ENTERED** in Fort Myers, Florida on September 16, 2025.

Kyle C. Dudek
United States District Judge