UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FAITH PREPARATORY SCHOOL, INC.,

        Plaintiff,

v.

Case No. 2:24-cv-1119-KCD-DNF

WESTCHESTER SURPLUS LINES INSURANCE COMPANY,

        Defendant.
_____/

## ORDER

Before the Court is Defendant Westchester Surplus Lines Insurance Company's motion for reconsideration (Doc. 22), and Plaintiff Faith Preparatory School, Inc.'s response in opposition (Doc. 24).[1] The parties have also filed supplemental briefing at the Court's direction. (Docs. 32, 33.) For the reasons below, Westchester's motion is **DENIED**.

## I. Background

This dispute arises from the wreckage of Hurricane Ian. Faith Prep sustained significant damage to its property and filed a claim with Westchester for the loss. Westchester acknowledged coverage and issued payments totaling approximately $183,055.12. (Doc. 32 at 2.) Faith Prep, however, thought that the actual cost to repair the school was much higher—

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

closer to $827,000—and retained WrightWay Emergency Services to perform mitigation and restoration work. (*Id.*) When the parties could not agree on the amount necessary to cover these repairs, Faith Prep filed this breach of contract action. (*See* Doc. 4.)

Early in the litigation, Faith Prep invoked the policy's appraisal provision—a standard clause intended to resolve disputes over the amount of loss without judicial intervention. (Doc. 17.) Last year, the Court granted Faith Prep's motion to compel appraisal and stayed the case to allow that process to unfold. (Doc. 20.)

The appraisal never began. Instead, Westchester filed the instant motion for reconsideration. (Doc. 22.) Westchester claims it discovered new evidence that fundamentally alters the legal landscape of the case. That evidence is a 2024 email chain, in which WrightWay agreed "to accepting as payment from Faith Prep whatever funds [it] receive[d]" from this litigation. (*Id.* at 4.) Here is the pertinent email in full:

> Pleasure speaking just now. As discussed, we are going to go ahead and pursue appraisal on this matter if the Court allows it. As discussed, you are amenable to accepting as payment from Faith Prep whatever funds they receive as a result of litigation after the payment of fees/costs. Wrightway will accept Faith Prep's net payment as a result of the appraisal process to satisfy any outstanding invoices based on the Hurricane Ian work.

(*Id.*)

Westchester interprets this correspondence as an assignment of the insurance claim, leaving Faith Prep without standing. Westchester also argues that because WrightWay agreed to cap its bill at the amount of the insurance recovery, Faith Prep no longer has any financial liability, and so the dispute is moot. Faith Prep opposes the motion, characterizing the email as a standard contingency payment arrangement that leaves its standing—and the disagreement over the amount of loss—intact.

## II. Discussion

Motions for reconsideration are not designed to give litigants a second bite at the apple. Nor are they an opportunity to re-litigate old matters or present arguments that could have been raised earlier. *See Michael Linet, Inc. v. Vill. of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005). They are reserved for extraordinary circumstances: a change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice. *DKG Commc'ns, LLC v. RLM Underground, LLC*, No. 2:23-CV-1195-KCD, 2025 WL 1615438, at *1 (M.D. Fla. June 6, 2025). The arguments for reconsideration are addressed in turn.

Westchester first claims that the WrightWay email is an assignment. "Accordingly, [Faith Prep] no longer has the right to pursue Westchester for these damages, [nor does it] have the right to seek an appraisal of the claim in conjunction with this lawsuit." (Doc. 22 at 8.)

3

To be sure, "a party cannot prevail on a cause of action where that party has assigned away its interest." *Artiles v. Pino*, 184 So. 3d 607, 609 (Fla. Dist. Ct. App. 2016). But under Florida law, an assignment is a specific legal creature. It involves the transfer of all rights to the thing assigned. *Leesburg Cmty. Cancer Ctr. v. Leesburg Reg'l Med. Ctr.*, Inc., 972 So. 2d 203, 206 (Fla. Dist. Ct. App. 2007). When a party validly assigns an insurance claim, they step out of the picture entirely, and the assignee steps in. *See Sierra Equity Grp., Inc. v. White Oak Equity Partners, LLC*, 650 F. Supp. 2d 1213, 1227 (S.D. Fla. 2009).

The WrightWay email fails the fundamental test of an assignment under Florida law because it does not transfer the right to enforce the insurance claim. As mentioned, an assignment is an abdication. *See Webb Roofing & Constr., LLC v. FedNat Ins. Co.*, 320 So. 3d 803, 805 (Fla. Dist. Ct. App. 2021). Here, the email expressly contemplates that Faith Prep—not WrightWay—will receive the funds from this litigation. (Doc. 22 at 4.) That language is fatal to Westchester's theory. If Faith Prep had truly assigned its claim, it would have no right to receive anything. Instead, the agreement is legally a pledge of future proceeds. It creates a relationship where WrightWay is a creditor awaiting payment from Faith Prep, rather than a substitute plaintiff entitled to sue Westchester directly. Faith Prep has promised to hand over the fruits of the litigation, but under Florida law, it

4

remains the only party entitled to shake the tree. *Cf. Sabran v. Rockhill Ins. Co.*, 558 F. Supp. 3d 1203, 1212 (M.D. Fla. 2021)

Westchester's theory that Faith Prep has contracted away its damages—and therefore its standing—rests on a conflation of the right to sue and the ultimate use of the proceeds. A plaintiff does not forfeit their day in court simply because they have pledged their winnings to a creditor. While Faith Prep's agreement with WrightWay determines the final destination of the funds, it does not alter the legal channel through which they must be obtained. Faith Prep has not assigned the substantive right to drag Westchester into court and demand coverage for its loss. Whether Faith Prep keeps every dollar or hands it immediately to WrightWay to settle a repair bill is a matter of private accounting between those two parties, not a standing defect that absolves Westchester of its liability under the policy. The physical loss to the school is real, and the policyholder's right to enforce the contract to cover that loss remains intact.

Pivoting slightly, Westchester next claims that the dispute is "illusory" because WrightWay has agreed to accept the proceeds of this litigation as full satisfaction of its bill. (Doc. 33 at 2.) To illustrate the point, Westchester poses a rhetorical question: "If Wrightway is undisputedly willing to accept $1.00 (or less) as payment in full, why is anybody demanding that Westchester pay more?" (*Id.* at 6.) This argument confuses the existence of a

loss with the terms of payment for a debt. An insurance policy is not normally a reimbursement plan for costs incurred by the insured; it is a promise to cover the amount of loss measured by the physical damage to the property. *See, e.g.*, *SFR Servs., LLC v. Tower Hill Prime Ins. Co.*, 364 So. 3d 1121, 1122 (Fla. Dist. Ct. App. 2023). Westchester offers no provision in the policy limiting its liability to the amount the insured negotiates for repairs, as opposed to the actual loss. (*See* Docs. 22, 33.) Indeed, Westchester neglects to tie its argument to the policy at all.

To accept Westchester's logic would thus be to say that an insurer's liability is measured not by the policy or the damage, but by the insured's ability to bargain the cost of repairs. If Faith Prep had found a charitable volunteer to fix the roof for free, surely Westchester would not be absolved of its obligation to pay the reasonable cost of the damage. The fact that WrightWay is willing to accept less if the appraisal is less does not mean the loss itself is nonexistent.

Faith Prep remains legally liable to WrightWay. The agreement caps the debt at the amount of recovery, but it does not erase it. If the appraisal determines the loss is $800,000, Faith Prep owes that amount to WrightWay; if it is less, Faith Prep owes less. This creates a concrete, adversarial interest in the outcome: Faith Prep seeks to maximize the recovery to satisfy its obligation to the contractor and ensure the school is fully restored, while

6

Westchester seeks to minimize it. That is the very definition of a disagreement as to the amount of loss that the appraisal clause was designed to resolve. To hold otherwise would allow insurers to escape liability whenever an insured is prudent (or lucky) enough to negotiate favorable terms with a creditor, a result that finds no support in Florida law.

### III. Conclusion

Westchester has not shown a change in law, nor has it shown that the new evidence legally alters the parties' relationship in a way that warrants reconsideration. Faith Prep is the policyholder, it is the plaintiff, and it has a live dispute with its insurer over the amount of loss. For these reasons, Westchester's Motion for Reconsideration is **DENIED**. The stay remains in effect, and the parties shall proceed with appraisal as previously ordered. The parties are directed to file a joint status report by **April 17, 2026**, and every 90 days thereafter until appraisal concludes.

One last issue. Since appraisal will proceed, Westchester posits that the complaint no longer states a cognizable claim. (Doc. 19 at 4 (citing *J.P.F.D. Inv. Corp. v. United Specialty Ins. Co.*, 769 F. App'x 698, 706 (11th Cir. 2019).) The Court has rejected this argument before, and it does so again here for the same reasons. *See Mont Claire at Pelican Marsh Condo. Ass'n, Inc. v. Empire Indem. Ins. Co.*, No. 2:19-CV-601-SPC-KCD, 2023 WL 8113118, at *4 (M.D. Fla. Nov. 22, 2023). Westchester's motion to dismiss

7

(Doc. 19) is thus **DENIED**. *See also Mont Claire at Pelican Marsh Condo. Ass'n, Inc. v. Empire Indem. Ins. Co.*, No. 23-14162, 2024 WL 4635575, at *3 (11th Cir. Oct. 31, 2024).

**ORDERED** in Fort Myers, Florida on January 15, 2026.

Kyle C. Dudek
United States District Judge